## Shedden's Estate.

*Will—Personal property—Real estate—Conversion—Intestacy.*

While a positive testamentary direction to sell real estate operates as a conversion, it does so only in furtherance of testator's intent, and where it would impede rather than aid such intent no such effect would be given to it.

Testatrix bequeathed one half of her estate as personal property on certain conditional limitations to her grandchild and sole heir at law and the other half of her estate as personal property to her niece, absolutely, without mentioning or enumerating any kind or class of personal property. By a subsequent clause of the will she directed that her real estate be sold by her executor and converted into money, and after the payment of a stipulated sum for a tombstone and certain specific legacies, directed that one half of the proceeds or balance go to the grandchild upon the same limitations qualified without any further directions as to the other half. *Held,* that the bequest to the niece of one half of the personal property absolutely did not cover the proceeds of one half of the real estate, and that as to this testatrix died intestate.

Argued Oct. 27, 1904. Appeal, No. 165, Oct. T., 1904, by Harriet B. Carter, from decree of O. C. Allegheny Co., March T., 1904, No. 147, dismissing exceptions to adjudication in Estate of Sarah J. Shedden, deceased. Before MITCHELL, C. J., DEAN, FELL, BROWN, MESTREZAT, POTTER and THOMPSON, JJ. Affirmed.

Exceptions to adjudication.

From the adjudication it appeared that:

Sarah J. Shedden died testate January 1, 1903, leaving to survive her, as her only next of kin a minor grandchild, Sarah Violet White. In her will she directed as follows:

"Second:—I will and devise one-half of my personal property to my grandchild, Sarah Violet White, the same to be held in trust for her till she arrives at the age of twenty-one years. If, however, she should die before arriving at full age, I direct that the same shall be divided equally among my nieces and nephews, the children of two brothers, John L. and William M. Carter.

"Third:—I will and direct that the other half of my personal property go to my niece, Harriet B. Carter.

"Fourth:—I will and direct that my real estate situate in Allegheny city (sixth ward), in Greentree borough and Union township, Allegheny county, Pennsylvania, be sold by my hereinafter named executor, as soon as it would be advisable and advantageous and after the payment of my tombstone and the two hereinafter named legacies, I will and direct that the proceeds or balance be divided as follows, viz: One-half to my grandchild, Sarah Violet White, the same to be held in trust for her till she arrives at the age of twenty-one years, and in the event of her death before she arrives at full age then the same shall be divided equally among my nieces and nephews, the children of my brothers, John L. and William M. Carter, I give however to my said grandchild the income of her share or parts and said income shall be paid to her or for her support and education, the same may be paid semi-annually.

"Fifth:—I give, devise and bequeath to Albert Hassler, the sum of two thousand dollars ($2,000) and to Elsie Hassler, the sum of one thousand dollars ($1,000), said legacies to be paid out of the proceeds of my real estate."

She appointed the Fidelity Title and Trust Company executor of her will. The fund for distribution consists of personalty and the proceeds of sale of testatrix's real estate.

The auditing judge awarded the whole proceeds of the sale of the real estate to the granddaughter of the testatrix.

*Errors assigned* were in dismissing exceptions to adjudication.

*H. H. Goucher*, with him *A. C. Johnston*, for appellant.

*Alexander Gilfillan*, for appellee, was not heard.

PER CURIAM, November 4, 1904:

The testatrix divided her estate into two funds, first her personalty, and secondly the proceeds of the sale of her realty. This division was in accordance with the general rule and the general understanding of the distinction made by the law. By the positive direction to sell it is true that the real estate became personalty, and the two funds thus technically merged into one for the purposes of the will if so required. But this technical conversion arises in furtherance of the testator's intent and not to defeat it. The testatrix's actual intent here is to keep the two funds separate, and such intent being clear it cannot be defeated by any artificial rule of construction.

The fact that she failed to dispose of the whole of the second fund cannot be made to defeat the intentional separation.

Decree affirmed at costs of the appellant.